UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VALENCIA, | Case No. 1:24-cv-01146-CDB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO WITHDRAW CONSENT |
| v. | |
| MARCO MARTINEZ, et al., | (Doc. 4) |
| Defendants. | **14-DAY OBJECTION PERIOD** |

Plaintiff Eric Valencia is a pretrial detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

On September 26, 2024, Plaintiff filed his complaint. (Doc. 1). Plaintiff paid the $405.00 filing fee on October 2, 2024. *See* (Dkt. entry dated 10/02/2024). On October 7, 2024, Plaintiff filed a form noticing his election to consent or decline to Magistrate Judge jurisdiction. (Doc. 3). No other parties have made an appearance.

On December 2, 2024, Plaintiff filed its "Request to Change Decision and Consent to use of a Magistrate Judge," which the Court construes as a motion to withdraw his consent to the jurisdiction of a Magistrate Judge. (Doc. 4). Therein, Plaintiff "requests that this Court allows [him] to change his decision in consenting to the use of a magistrate judge in this case." (*Id.*).

On December 4, 2024, the Court acknowledged the pending motion and directed the Clerk

of the Court to randomly assign a district judge to this action for purpose of ruling on Plaintiff's motion. (Doc. 5). In so doing, the Court relied on *Branch v. Umphenour* for the proposition that "[i]n the Ninth Circuit, 'only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under [28 U.S.C.] section 636(c).'" (Doc. 5 p. 1) citing (*Branch v. Umphenour*, 936F.3d 994, 1003 (9th Cir. 2019); *see* 28 U.S.C. § 636(4) ("The court may, for good cause shown on is own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); *see also* Fed. R. Civ. P. 73(b)(3) ("On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule.")).

Upon further inquiry of the governing authority, and the reasons set forth below, the undersigned recommends that Plaintiff's motion to withdraw his consent to the jurisdiction of a Magistrate Judge be granted.

## II. CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. *Dixon,* 990 F.2d at 479-80; *Pacemaker,* 725 F.2d at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon* 990 F.2d at 480 (*quoting Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).

"Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy. *Umphenour*, 936 F.3d 994 at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.* The Ninth Circuit has recognized that this good cause or extraordinary circumstances requirement is designed to prevent litigants from shopping between a magistrate and a district judge by, for

1  example, withdrawing consent because of "dissatisfaction with a magistrate judge's decision."
2  *Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div.*, No.
3  3:20-CV-00108-TMB, 2022 WL 3212326, at *2 (D. Alaska Aug. 9, 2022).  There is no absolute
4  right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.
5  *Dixon* at 480.

6  However, in *Gilmore*, the Ninth Circuit held that "a party need not satisfy the good cause
7  or extraordinary circumstances standard provided in § 636(c)(4) in order to withdraw consent
8  *before all parties have consented*."  *Gilmore v. Lockard*, 936 F.3d 857, 863 (9th Cir. 2019)
9  (emphasis added).  *See, e.g.*, *Richard-Bey v. Watrous*, No. 1:21-cv-01482-GSA-PC, 2022 WL
10 3585515, at *1 (E.D. Cal. Aug. 22, 2022).  The Ninth Circuit directed that in those instances, a
11 district court should use its discretion to determine a request to withdraw consent, and the court
12 noted that the majority of courts have allowed such withdrawal in similar cases.  *See, e.g., Osotonu*
13 *v. Ringler*, No. CIV S-10-2964 DAD P, 2011 WL 1047730, at *5 (E.D. Cal. Mar. 18, 2011);
14 *Bowman v. Schwarzenegger*, No. CIV S-07-2164 FCD KJM P, 2009 WL 799274, at *1 (E.D. Cal.
15 Mar. 23, 2009), *aff'd on other grounds*, 334 F. App'x 850 (9th Cir. 2009) ("Because this action has
16 not yet been reassigned to the [magistrate judge] for all purposes including trial, plaintiff may
17 withdraw his consent without demonstrating good cause or extraordinary circumstances"); *Page v.*
18 *State of California*, 1:06-cv-01409-LJO-DLB-PC, 2008 WL 3976933, at *2 (E.D. Cal. 2008).  The
19 plaintiff in *Gilmore* filed the motion to withdraw consent in response to an unfavorable pretrial
20 ruling, but the court found that this alone did not compel a finding that plaintiff's consent was
21 irrevocable for all later dispositive rulings.  *Gilmore*, 936 F.3d at 863.

22 Interpreting the statutory text, the Ninth Circuit found that § 636(c) did not apply before all
23 parties had consented.  *See Parks v. Rohlfing*, No. 215CV001505KJMCKD, 2019 WL 6683141, at
24 *2 (E.D. Cal. Dec. 6, 2019) (citing *Gilmore*, 936 F.3d at 63).  Instead, the magistrate judge's
25 authority at the time the plaintiff withdrew his consent was derived from § 636(b)(1)(A), where "a
26 judge [ ] designate[s] a magistrate judge to hear and determine any pretrial matter pending before
27 the court," which does not require good cause or extraordinary circumstances to withdraw consent.
28 *Id*.

Here, Plaintiff Valencia moves to withdraw his consent to the jurisdiction of a magistrate judge, filed on December 2, 2024. (Doc. 4). Plaintiff did not submit a fully executed "Decline" to consent form with his motion.

Plaintiff is advised that withdrawal of his consent would not remove the assignment of a Magistrate Judge to his case. If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If Plaintiff or any Defendant declines Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge made pursuant to 28 U.S.C. § 636 and Local Rule 302, for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive motions.

Here, like in *Gilmore*, no other party has appeared in the case or consented to Magistrate Judge jurisdiction before Plaintiff filed his motion to withdraw consent. There is no evidence of judge shopping, or that Plaintiff is reacting to a particular ruling he disagreed with. Therefore, the undersigned recommends that Plaintiff's motion to withdraw consent be granted.

*Remainder of This Page Intentionally Left Blank*

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to withdraw his consent to the jurisdiction of a Magistrate Judge, filed on December 12, 2024 (Doc. 4), BE GRANTED;

2. Plaintiff is DIRECTED to file a new form noticing his election to consent or decline to Magistrate Judge jurisdiction **within 30 days** of any order adopting these Findings and Recommendations; and

3. This case shall therefore proceed with the district judge presently assigned and the magistrate judge referred to the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge** when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 9, 2024**                    _____
                                                 UNITED STATES MAGISTRATE JUDGE

5