UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VALENCIA,<br><br>              Plaintiff,<br><br>       v.<br><br>MARCO MARTINEZ, *et al.*,<br><br>              Defendants. | Case No. 1:24-cv-01146-KES-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING<br><br>(Docs. 1, 11, 12)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Eric Valencia ("Plaintiff") formerly was a pretrial detainee and proceeds pro se in this civil rights action brought under 42 U.S.C. § 1983.[1]  Plaintiff initiated this action with the filing of a complaint against Defendants Marco Martinez, Ryan Vasquez, Christopher Anaya, Gino Chiaramonte, Eva Ontiveros, Wellpath, and Madera County ("County") (collectively, "Defendants") on September 26, 2024.  (Doc. 1).  Plaintiff paid the filing fee on October 2, 2024.  *See* (Dkt. entry dated 10/02/2024).

**I. INTRODUCTION**

On January 20, 2026, the Court screened the complaint and entered and order finding that Plaintiff states claims for: (1) excessive force against Defendants Martinez, Vasquez, and John

---

[1] On January 5, 2026, Plaintiff filed a "Notice of Change of Address" indicating that he now resides at a residential address not associated with the pretrial custodial facility where he formerly was detained.  (Doc. 10).

Does 1-3; (2) retaliation against Defendants Martinez, Vasquez, Anaya, and John Does 1-3; (6) unreasonable search and seizure against Defendants Martinez and Vasquez; and (7) denial of medical care against Defendant Ontiveros. (Doc. 11 at 17-18). The Court found that Plaintiff fails to state any other cognizable claims against the other named Defendants (Gino Chiaramonte, Wellpath, and Madera County). *Id.* Plaintiff was provided the opportunity to file either a first amended complaint curing the deficiencies identified by the first screening order, or a notice of Plaintiff's intent to stand on his complaint as screened, which the Court indicated would result in the undersigned recommending dismissal of the deficiently pled claims and Defendants identified in the screening order, or to file a notice of voluntary dismissal. *Id.* at 18.

On February 23, 2026, Plaintiff filed a notice that he wishes to proceed with only the cognizable claims as found in the screening order. (Doc. 12).

## II. DISCUSSION

Because Plaintiff elects to proceed only on his claims against Defendants Martinez, Vasquez, Anaya, Ontiveros, and John Does 1-3 as found cognizable by the Court in its first screening order, the Court will recommend this action proceed only as to those claims, that the remaining claims in Plaintiff's complaint be dismissed, and that Defendants Gino Chiaramonte, Wellpath, and Madera County) be dismissed from the action.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on the following claims:

   a. Plaintiff's excessive force claim against Defendants Martinez, Vasquez, and John Does 1-3;

   b. Plaintiff's retaliation claim against Defendants Martinez, Vasquez, Anaya, and John Does 1-3;

   c. Plaintiff's unreasonable search and seizure claim against Defendants Martinez and Vasquez; and

   d. Plaintiff's denial of medical care claim against Defendant Ontiveros.

2. All remaining claims and Defendants (Gino Chiaramonte, Wellpath, and Madera

County) be DISMISSED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **February 24, 2026**

UNITED STATES MAGISTRATE JUDGE