# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ERIC VALENCIA,

        Plaintiff,

    v.

MARCO MARTINEZ, *et al.*,

        Defendants.

Case No. 1:24-cv-01146 KES CDB (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING

Doc. 13

Eric Valencia was a pretrial detainee and proceeds pro se in this civil rights action brought under 42 U.S.C. § 1983.[1] Valencia asserts claims against defendants Marco Martinez, Ryan Vasquez, Christopher Anaya, Gino Chiaramonte, Eva Ontiveros, Wellpath, and Madera County on September 26, 2024. Doc. 1. The assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a). Doc. 11.

The magistrate judge found Valencia stated cognizable claims for: (1) excessive force against Martinez, Vasquez, and John Does 1-3; (2) retaliation against Martinez, Vasquez, Anaya, and John Does 1-3; (3) unreasonable search and seizure against Martinez and Vasquez; and (4) denial of medical care against Ontiveros. Doc. 11 at 4-7, 9-11, 13-16. The magistrate judge found the allegations were insufficient to invoke supervisor liability and *Monell* liability. *Id.* at 7-11. The magistrate judge also found that Valencia failed to state claims for assault, battery, or

---

[1] On January 5, 2026, Plaintiff filed a "Notice of Change of Address" indicating that he now resides at a residential address not associated with the pretrial custodial facility. Doc. 10.

negligence under state law because he did not allege compliance with the California Tort Claims Act. *Id.* at 16-17. In response to the Screening Order, Valencia indicated that he was willing to proceed only on the claims the magistrate judge had found cognizable. Doc. 12.

On February 25, 2026, the magistrate judge issued findings and recommendations, incorporating the findings of the Screening Order and recommending the matter proceed only on the cognizable claims. Doc. 13. The magistrate judge also recommended all other claims be dismissed without leave to amend. *Id.* at 2-3. The Court served the findings and recommendations on Valencia and notified him that any objections were due within 14 days. *Id.* at 3. The Court also advised Valencia that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Valencia did not file objections and the time to do so has now passed.

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. As Valencia did not allege compliance with the California Tort Claims Act, the Court lacks jurisdiction over his state law tort claims, and those claims are dismissed without prejudice. *Roots v. Cherian*, 2023 WL 8190857, at *1 (E.D. Cal. Nov. 27, 2023) ("this court does not have supplemental jurisdiction over the state law tort claims because plaintiff does not allege compliance with the California Tort Claims Act").

The Court **ORDERS**:

1. The findings and recommendations issued on February 25, 2026 (Doc. 13), are **ADOPTED**.

2. This action **SHALL** proceed only on the following claims:

   a. Excessive force against Defendants Martinez, Vasquez, and John Does 1-3;

   b. Retaliation against Defendants Martinez, Vasquez, Anaya, and John Does 1-3;

   c. Unreasonable search and seizure against Defendants Martinez and Vasquez; and

   d. Denial of medical care claim against Defendant Ontiveros.

3. All remaining claims and defendants are **DISMISSED** without leave to amend.

4. Plaintiff's state law claims are **DISMISSED** without prejudice.

2

5. The Clerk of Court is directed to update the docket and terminate Gino Chiaramonte, Wellpath, and Madera County as defendants.

6. The matter is referred to the magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:    March 24, 2026    

_____
UNITED STATES DISTRICT JUDGE